# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL FELIPE ALEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AGUA CALIENTE CASINO, PALM SPRINGS, et al.,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01053-HDV (MAR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the dismissal of Plaintiff's First Amended Complaint without further leave to amend for failure to state a claim and the dismissal of this action with prejudice. (ECF No. 19.) Plaintiff's objections to the Report (ECF No. 20) do not warrant a change to the Report's findings or recommendations.

　　　　Plaintiff objects that Defendants, a casino and its officers, were acting under color of state law for purpose of his civil rights claims arising from Plaintiff's

incident with security at the casino. (ECF No. 20 at 1-5.) Defendants allegedly are state actors because they act in conjunction with the police, who patrol the casino's parking areas or who are called to arrest trespassers. (*Id.* at 2, 7.) As the Report found, however, Plaintiff failed to allege facts that showed a substantial degree of cooperative action between Defendants and the police such that Defendants' actions were under color of state law. (ECF No. 19 at 8.) Allegations that the police performed patrols of the parking areas or were called to arrest people at the casino fail to allege state action by private parties. *See Coffy v. Wal-Mart*, 2022 WL 16952185, at *4 (D. S.C. Sept. 23, 2022) ("Just because employees of a private entity call the police to investigate suspicious activity or allow police officers to patrol its parking lots or common areas and/or arrest individuals on its property, does not make the private entity a public actor for purposes of a § 1983 claim.") (citation omitted). Otherwise, Plaintiff's allegations of joint action are conclusory and therefore insufficient to allege state action. (ECF No. 20 at 1-5.)

Plaintiff objects that he has stated valid due process and Fourth Amendment claims. (ECF No. 20 at 5-7.) As the Report found, however, because Plaintiff failed to allege that Defendants are state actors, Plaintiff failed to state a valid due process or Fourth Amendment claim. (ECF No. 19 at 12.)[1]

IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; and (2) Judgment will be entered dismissing this action with prejudice.

DATED: March 21, 2025

HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE

---

[1] Although it is unnecessary to the resolution of this action, it also is possible that Defendants are immune from suit under the doctrine of tribal sovereign immunity. *See Bonds v. Grubbe*, 2013 WL 12136581, at *1 (C.D. Cal. Sept. 4, 2013) (Agua Caliente and its tribal officials are immune from suit), *affirmed sub nom. ABBA Bail Bonds, Inc. v. Grubbe*, 643 F. App'x 634 (9th Cir. 2016).